UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM A. WOODWARD,

    Petitioner,

v.              Case Number: 08-CV-12291
               Honorable George Caram Steeh

BERRY DAVIS,

    Respondent.
_____/

### ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

  Petitioner William A. Woodward, a state inmate, currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1995 conviction for three counts of armed robbery, MICH. COMP. LAWS § 750.529, and one count of home invasion, MICH. COMP. LAWS § 750.110a(2).  Petitioner was sentenced, as a fourth habitual offender, to twenty-five-to-fifty years imprisonment for the armed-robbery convictions, and ten-to-twenty years imprisonment for the home-invasion conviction.  Previously, on November 3, 1999, Petitioner filed a habeas petition in federal court, challenging the same convictions and sentences.  Before the Court now is Respondent's motion to transfer the case to the United States Court of Appeals for the Sixth Circuit.  For the reasons set forth below, the Court concludes that it must transfer this case to the Sixth Circuit, and therefore, grants Respondent's motion.

  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et. seq.*, amended 28 U.S.C. §§ 2244, 2253, and 2254, govern habeas corpus proceedings in federal courts.  Pursuant to those amendments, an individual seeking to file a

"second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Here, Petitioner filed a prior habeas-corpus petition challenging the same convictions at issue in this case, which was denied because his claim was procedurally defaulted. *See Woodward v. Robinson*, No. 99-CV-60803 (E.D.Mich. Nov. 30, 2000) (Battani, J.). This is Petitioner's second petition. Petitioner has not obtained appellate authorization to file this subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**ACCORDINGLY**, **IT IS ORDERED** that Respondent's motion to transfer the case to the Sixth Circuit is **GRANTED**. (Dkt. # 5.) The Court therefore **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims*, 111 F.3d at 47 ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the

---

[1] 28 U.S.C. § 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

**IT IS SO ORDERED**.

Dated:  January 7, 2009

            S/George Caram Steeh
            GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 7, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk